
FILED
CLERK, U.S. DISTRICT COURT
25 OCT 99 AM 10: 34
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH ROACH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNIVERSITY OF UTAH, et al., <br><br> Defendants. | TRIAL ORDER <br><br> Civil No. 2:94-CV-163C |

The final pretrial conference in this matter is scheduled for November 15, 1999, at 3:00 p.m.

This case is set for a seven-day trial to begin on November 29, 1999, at 8:30 a.m. The attorneys are expected to appear in chambers at 8:00 a.m. on the first day of trial for a brief pre-trial meeting.

Counsel are instructed as follows:

**1. Court-Imposed Deadlines.**

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make an appropriate motion to the court.

**2. Pretrial Order.**

At the pretrial conference, plaintiff is to file a joint proposed pretrial order which has been approved by all counsel. The pretrial order should conform generally to the requirements of DuCivR 16-1(3) and to the approved form of pretrial order which is reproduced as Appendix IV to the Rules of Practice for the U.S. District Court for the District of Utah.

141

## 3. Jury Instructions

The court has adopted its own standard general jury instructions, copies of which may be obtained from the court prior to trial. The procedure for submitting proposed jury instructions is as follows:

(a) The parties must serve their proposed jury instructions on each other **at least ten business days before trial**. The parties should then confer in order to agree on a single set of instructions to the extent possible.

(b) If the parties cannot agree upon one complete set of final instructions, they may submit separately those instructions that are not agreed upon. However, it is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions for the case.

(c) The joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the court **at least five business days before trial**. All proposed jury instructions must be in the following format:

(i) An original and one copy of each instruction, labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's Instruction No. 1"), and including citation to the authority that forms the basis for it.

(ii) A 3.5" high density computer diskette containing the proposed instructions (and any proposed special verdict form), without citation to authority, formatted for Wordperfect 6.1. Any party unable to comply with this requirement must contact the court to make alternative arrangements.

(d) Each party should file its objections, if any, to jury instructions proposed by any other party **no later than two business days before trial**. Any such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must** submit, in conformity with paragraph 3(c)(i) - (ii) above, an alternative instruction covering the pertinent subject matter or principle of law. Any party

2

may, if it chooses, submit a brief written reply in support of its proposed instructions **on the day of trial**.

    (e)    All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative instructions are improper and will not be given.

    (f)    Modified versions of statutory or other form jury instructions (<u>e.g.</u>, Devitt & Blackmar) are acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the court to authority, if any, supporting such a modification.

## 4. Special Verdict Form

The procedure outlined for proposed jury instructions will also apply to special verdict forms.

## 5. Requests for Voir Dire Examination of the Venire.

The parties may request that, in addition to its usual questions, the court ask additional specific questions to the jury panel. Any such request should be submitted in writing to the court and served upon opposing counsel **at least ten business days before trial**.

## 6. Findings of Fact and Conclusions of Law

At the conclusion of all non-jury trials, counsel for each party will be instructed to file with the court proposed findings of fact and conclusions of law. The date of submission will vary, depending upon the need for and availability of a transcript of trial and the schedule of court and counsel. Findings of fact should be supported, if possible, by reference to the record. For that reason, the parties are urged to make arrangements with Mr. Raymond Fenlon, the Court Reporter, for the preparation of a trial transcript. Conclusions of law must be accompanied by citations to supporting legal authority.

As with proposed jury instructions and special verdict forms, the proposed findings of fact and conclusions of law should be submitted to chambers both in hard copy and on a 3.5" high density computer diskette formatted for WordPerfect 6.1.

## 7. Motions in Limine

All motions in limine are to be filed with the court at **at least five business days before**

3

**trial**, unless otherwise ordered by the court.

## 8. Exhibit Lists/Marking Exhibits

All parties are required to prepare an exhibit list for the court's use at trial. The list contained in the pretrial order will not be sufficient; a separate list must be prepared. Plaintiffs should list their exhibits by number; defendants should list their exhibits by letter. Standard forms for exhibit lists are available at the clerk's office, and questions regarding the preparation of these lists may be directed to the courtroom deputy, Theresa Brown, at 524-6119. All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

## 9. In Case of Settlement

Pursuant to DUCivR 41-1, the court will tax all jury costs incurred as a result of the parties' failure to give the court adequate notice of settlement. Leaving a message on an answering machine or sending a notice by fax is not considered sufficient notice to the court. If the case is settled, counsel must advise the jury administrator or a member of the court's staff by means of a personal visit or by person-to-person telephonic communication.

## 10. Courtroom Conduct

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

   (a) Please be on time for each court session. In most cases, trial will be conducted from 8:45 a.m. until 1:45 p.m., with two short (fifteen minute) breaks. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.

   (b) Stand as court is opened, recessed or adjourned.

   (c) Stand when the jury enters or retires from the courtroom.

   (d) Stand when addressing, or being addressed by, the court.

   (e) In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the court. For example, the following objections

4

would be proper: "Objection . . . hearsay." or "Objection . . . foundation." The following objection would be improper unless the court had requested further argument: "Objection, there has been no foundation laid for the expert's opinion and this testimony is inherently unreliable."

(f)     Sidebar conferences will not be allowed except in **extraordinary** circumstances. If a sidebar conference is held, the court will, if possible, inform the jury of the substance of the sidebar argument. Most matters requiring argument should be raised during recess.

(g)     Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(h)     Do not greet or introduce yourself to witnesses. For example, "Good Morning, Mr. Witness. I represent the plaintiff in this case" is improper. Begin your examination without preliminaries.

(i)     Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(j)     Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

(k)     Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(l)     Offers of, or requests for, a stipulation shall be made out of the hearing of the jury.

(m)     In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue. The following examples would be improper: "I believe the witness was telling the truth" or "I found the testimony credible."

(n)     When not taking testimony, counsel will remain seated at counsel

table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Do not confer with or visit with anyone in the spectator session while court is in session.

DATED this 25 day of October, 1999.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

United States District Court
for the
District of Utah
October 25, 1999

* * MAILING CERTIFICATE OF CLERK * *

Re: 2:94-cv-00163

True and correct copies of the attached were mailed by the clerk to the following:

Mr. Jeffrey D Eisenberg, Esq.
DEWSNUP KING & OLSEN
36 S STATE ST STE 2020
SALT LAKE CITY, UT 84111

Mr. Stephen Russell, Esq.
729 BARTLETT CIR
MOAB, UT 84532
JFAX 8,435,2597321

Mr. Jaryl L Rencher, Esq.
EPPERSON & RENCHER
10 W FIRST S STE 500
SALT LAKE CITY, UT 84101

Donald H. Hansen, Esq.
UTAH ATTORNEY GENERAL'S OFFICE
160 E 300 S
PO BOX 140811
SALT LAKE CITY, UT 84114-0856
JFAX 9,3660101